Lufthansa Technik AG v. Astronics Corporation

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         RAYMOND J. LOHIER, JR.,
         CHRISTOPHER F. DRONEY,
                 Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
LUFTHANSA TECHNIK AG,
      Petitioner-Appellant,

      -v.-                               11-4116

ASTRONICS CORPORATION,
      Respondent-Appellee,
- - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | LAWRENCE D. ROSENBERG (Susan M. Gerber, on the brief), Jones Day, Washington, D.C. |
| **FOR APPELLEE:** | JONATHAN M. FREIMAN, Wiggin and Dana LLP, New Haven, Conn. |

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Lufthansa Technik AG appeals from the judgment of the United States District Court for the Western District of New York (Arcara, J.), dismissing Lufthansa's application for discovery in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782. Lufthansa is pursuing a patent infringement claim in Germany against Astronics Advanced Electronic Systems Corporation ("AES"), a wholly-owned subsidiary of respondent Astronics Corporation. Lufthansa has filed two nearly-identical applications for discovery assistance: one in the Western District of Washington against the subsidiary, and the other against the parent in the Western District of New York. The New York court dismissed the petition without prejudice as duplicative of the petition in Washington. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000); see also

2

*Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976). "We review the exercise of this power for abuse of discretion." *Curtis*, 226 F.3d at 138.

The district court appropriately exercised its discretion in dismissing Lufthansa's duplicative petition. The document requests in both petitions are substantively identical, they relate to the same foreign proceeding, and both corporations are represented by the same counsel. As Lufthansa points out, there is no rule requiring subsidiaries to produce the documents held by a parent; however, courts may at times order the production of those documents in an action against the subsidiary. *See, e.g.*, *United States v. Stein*, 488 F. Supp. 2d 350, 361 (S.D.N.Y. 2007) ("Parent corporations have been compelled to produce documents in the hands of subsidiaries, [and] subsidiaries documents in the hands of their parent entities . . . ."); *Ferber v. Sharp Elecs. Corp.*, No. 84 Civ. 3105, 1984 WL 912479, at *1 (S.D.N.Y. Nov. 28, 1984). This conclusion is reinforced by assurances and representations made by Astronics at oral argument: 1) Astronics concedes that the Washington court has authority to order it to produce discovery; and 2) Astronics has already searched for

3

materials in its possession under the Washington court's order.[1]

Lufthansa cites the policy purposes behind § 1782 and a historical practice of granting overlapping discovery requests. However, no case supports Lufthansa's argument that § 1782 forecloses an exercise of discretion to dismiss duplicative actions. To the contrary, district courts have dismissed duplicative § 1782 petitions for reasons similar to the ones discussed in this order. See, e.g., In re Adolf Horler, 799 F. Supp. 1457, 1465 (S.D.N.Y. 1992); In re Alves Braga, 789 F. Supp. 2d 1294, 1310-11 (S.D. Fla. 2011) (staying part of a § 1782 petition pending the resolution of foreign proceedings). Additionally, in many of the cases relied on by Lufthansa, the overlapping discovery requests were filed in a single tribunal, where the risk of competing judgments is lessened. Here, the district judge was appropriately concerned with issuing decisions conflicting with those made by the court in Washington. To protect Lufthansa's interests, though, the district court dismissed the petition without prejudice in the event the Washington

---

[1] Despite finding several documents responsive to Lufthansa's discovery request, Astronics claims they are all privileged and has created a privilege log to that effect.

4

court could not provide Lufthansa with the discovery it seeks.

While Lufthansa argues the district court inappropriately imposed an extra-statutory barrier to its petition, the statute itself is to the contrary. District courts are directed to order discovery "in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782(a). Thus, "the district court retains broad authority under Fed. R. Civ. P. 26(b)(1) to limit discovery where . . . the discovery sought is unreasonably cumulative or duplicative . . . ." In re Malev Hungarian Airlines, 964 F.2d 97, 102 (2d Cir. 1992) (internal quotation marks omitted). Concern for duplicative § 1782 petitions is not an extra-statutory burden.

In regard to Lufthansa's motion to take judicial notice of related proceedings, the motion is **GRANTED**. However, finding no merit in Lufthansa's other arguments, we hereby **AFFIRM** the judgment of the district court.[2]

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK

---

[2] To the extent the parties cannot reach an agreement in their discovery conflict, they are encouraged to seek mediation in the Court's Civil Appeals Management Program ("CAMP") or a similar program.